THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VIVEK LAKHUMNA,<br>Plaintiff,<br>v.<br>SGT. MESSENGER et al.,<br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS AND DENYING CACHE COUNTY DEFENDANTS' MOTION TO DISMISS**<br>Case No. 4:18-CV-81 DN<br>District Judge David Nuffer |

Two Motions to Dismiss are at issue here. (ECF No. 79, 81.) The first one is by Utah State defendants Curtis **Garner**, Charles **Hobbs**, and Jeff **Koehler**, asserting a statute of limitations defense. (ECF No. 79.) Plaintiff did not respond. The second one is by Cache County Defendants Sergeant **Maughan**, Doyle **Peck**, and Deputy **Yahne**, asserting failure to state a claim upon which relief may be granted. (ECF No. 81.) Plaintiff responded to that motion. (ECF No. 82.) Having carefully considered the filings and the law, the Court grants the state defendants' Motion to Dismiss, (ECF No. 79), and denies Cache County Defendants' Motion to Dismiss, (ECF No. 81.)

## ANALYSIS

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facts demonstrating a plausible claim for relief." *Defeudis v. Wolfenden*, No. 2:13-CV-429-CW, 2013 U.S. Dist. LEXIS 79069, at *2 (D. Utah June 6, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will "presume[] the truth of all well-pleaded facts in the complaint," it "need not consider conclusory allegations" in determining whether a claim for

relief is plausible. *Defeudis*, 2013 U.S. Dist. LEXIS 79069, at *2 (citing *Twombly*, 550 U.S. at 570.

**1. STATE DEFENDANTS' MOTION TO DISMISS**

When a plaintiff's claims are time-barred, the defendant is entitled to dismissal under Rule 12(b)(6). *See Kartiganer v. Juab County*, No. 2:10-CV-842-CW, 2012 U.S. Dist. LEXIS 73422, at *4-5 (D. Utah Apr. 6, 2012) (report and recommendation) (dismissing plaintiff's claims with prejudice as "time barred by the statute of limitations"), *adopted by* 2012 U.S. Dist. LEXIS 73419 (D. Utah May 25, 2012).

Because Plaintiff proceeds pro se, his pleadings are "'liberally construed'" and held to a "'less stringent standard than formal pleadings drafted by lawyers.'" *See id.* at *4-5. But "'a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury,'" and must therefore "'provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.'" *Rudolph v. Hanson*, No. 2:14-cv-883-CW, 2015 U.S. Dist. LEXIS 113125, at *1 (D. Utah Aug. 25, 2015) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). A court thus will not "'assume the role of advocate for a pro se litigant'" by "'supply[ing] additional facts" or "construct[ing] a legal theory for plaintiff that assumes facts that have not been pleaded.'" *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

Plaintiff's only allegations specific to Defendant Garner state:

> In the latter part of 2011, Plaintiff requested space for Hindus to perform a fire ceremony. In March of 2012, Plaintiff was denied his request for a fire ceremony. . . . Defendant [Garner] also notes that there are no Hindu volunteers to help conduct such a ceremony. Defendant however is aware that a group of Hindu volunteers are currently conducting Hindu services at the prison. . . . Defendant then states, religious needs can only be met insofar as they are consistent with the prison's mission.

(ECF No. 38, at 9.)[1]

Plaintiff's only allegations specific to Defendant Hobbs state:

> Plaintiff, while housed at the Draper facility, filed a grievance in regards to not receiving equal treatment, to have religious meals adhering to the Hindu religion. Plaintiff received a response from Defendant in April of 2011, stating that Plaintiff would be placed on the same meal plan as other practitioners of his faith. Defendant made up a vegan faith and placed Plaintiff on a vegan diet. Defendant then also admitted that the vegan diet would be inadequate in nutrition.

(ECF No. 38, at 7.)[2]

Plaintiff's only allegations specific to Defendant Koehler state:

> While housed at the Draper facility, Plaintiff requested [to Defendant Koehler] fast meals to observe a Hindu religious observance . . . Plaintiff was not allowed to observe his religious observance, which was from September 28th of 2011 through October 6th of 2011. However, Defendant admits that Plaintiff was able to support his claim through documentation but, the documentation should have been sent prior to the request of the fasting event. Plaintiff did send the documentation in forty five days advance notice (in July of 2011) . . . .

(ECF No. 38, at 8.)[3]

---

[1] It further appears that Defendant Garner has been named a defendant solely upon his role answering a grievance. (ECF No. 38-13, at 1.) Therefore, Defendant Garner may also be dismissed based on the rule that a claim may not be stated merely for the fact of responding to a grievance.

[2] It further appears that Defendant Hobbs has possibly been named a defendant solely upon his role answering a grievance. (ECF No. 38-10.) Therefore, Defendant Hobbs may also be dismissed based on the rule that a claim may not be stated merely for the fact of responding to a grievance.

[3] It further appears that Defendant Koehler has possibly been named a defendant solely upon his role answering a grievance. (ECF No. 38-12.) Therefore, Defendant Koehler may also be dismissed based on the rule that a claim may not be stated merely for the fact of responding to a grievance.

Defendants therefore challenge Plaintiff's claims against them under the applicable statute of limitations. "Generally, a limitation defense is an affirmative defense and the burden of proof is on the party asserting it." *Larson v. Snow College*, 189 F. Supp. 2d 1286, 1292 (D. Utah 2000).

Plaintiff's § 1983 claims "fall under the four-year statute of limitation period of [Utah Code Ann. § 78B-2-307(3) (2021)]." *Id.*; *see also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983."). Such actions typically accrue on the date of the alleged violation, *see Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), or "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (§ 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations here, the Court concludes that Plaintiff's claims against Defendants Garner, Hobbs and Koehler are barred as untimely. Upon Plaintiff's own report, Plaintiff's claims arose from transactions occurring and known to Plaintiff in 2011. The statute of limitations therefore expired, at the latest at the end of 2015. This action was not filed until about three years later--on December 3, 2018.

In short, Plaintiff's § 1983 claims against Defendants Garner, Hobbs, and Koehler are barred by the applicable four-year statute of limitations. And Plaintiff has not countered their defense. Defendants Garner, Hobbs, and Koehler are thus dismissed from this action.

**2. CACHE COUNTY DEFENDANTS' MOTION TO DISMISS**

Defendants move for dismissal, asserting Plaintiff's allegations are insufficient to state claims upon which relief may be granted. The Court disagrees and therefore denies Defendants' motion to dismiss. Defendants **Maughan**, **Peck**, and **Yahne** must therefore move beyond their motion to dismiss to the next stage of litigation.

The Court now orders Defendants to file a *Martinez* report[4] and dispositive motion as follows:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

(i) within 90 days, prepare and file a *Martinez* report limited to the exhaustion issue; and,

[4] *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(ii) within 120 days, file a separate summary judgment motion, with a supporting memorandum.

(B) If Defendants choose not to rely on the defense of failure to exhaust and wishes to pierce the allegations of the Complaint, Defendants must,

(i) within 90 days, prepare and file a *Martinez* report addressing the substance of the complaint; and,

(ii) within 120 days, file a separate summary judgment motion, with a supporting memorandum.

(C) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their answer.

Plaintiff is notified that Plaintiff may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that Plaintiff must, within 30 days of its filing, respond to the summary-judgment motion. Plaintiff is finally notified that, when Defendants move for summary judgment, Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

## ORDER

**IT IS ORDERED** that:

**(1)** State Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 79.) Defendants **Garner**, **Hobbs**, and **Koehler**, are all therefore dismissed with prejudice from this action.

**(2)** Cache County Defendants' Motion to Dismiss is **DENIED**. (ECF No. 81.) Defendants **Maughan**, **Peck**, and **Yahne** must within 90 days file a *Martinez* report.

**(3)** When served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

**(4)** Defendants must within 120 days file a summary-judgment motion.

**(5)** When served with a summary-judgment motion, Plaintiff must submit a response within 30 days of the motion's filing date.

**(6) NO TIME EXTENSIONS WILL BE GRANTED**.

DATED this 15th day of September, 2021.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court