MATTHEW D. CHURCH #15574
**PLANT CHRISTENSEN & KANELL**
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
(801) 363-7611
mchurch@pckutah.com
*Attorney for Defendants Doyle Peck, Mark Maughan, and Philip Yahne*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIKEK LAKHUMNA,<br><br>Plaintiff,<br><br>v.<br><br>SGT. MESSENGER, et. al.,<br><br>Defendants. | ***MARTINEZ* REPORT RE: DOYLE PECK, MARK MAUGHAN, AND PHILIP YAHNE**<br><br>Civil No. 4:18-Cv-81 DN<br><br>Magistrate Judge David Nuffer |

Defendants Doyle Peck, Mark Maughan, and Philip Yahne ("Cache County Defendants") submit this *Martinez* report.

## ***MARTINEZ* REPORT**

The purpose of the *Martinez* report is to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978); *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in several contexts, including motions for summary judgment or a sua sponte entry of summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326. The Cache County Defendants will file a subsequent motion for summary judgment using this *Martinez* report, under the deadlines in the Court's September 16, 2021 Memorandum Decision & Order (Dckt. 116).

# SUMMARY OF PLAINTIFF'S CLAIMS

This case arises from Plaintiff's allegations that he has been denied certain constitutional rights while incarcerated at several State and County facilities. Plaintiff makes broad accusations against twenty-eight separate Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. This report is filed by three of those Defendants, Doyle Peck, Mark Maughan, and Philip Yahne, who all were employed at the Cache County Jail while Plaintiff was incarcerated there.

Plaintiff's Complaint states three causes of action (1) deprivation of the right to the free exercise of religion; (2) deprivation of the right to petition of the government for a redress of grievances; and (3) deprivation of the right to due process and equal protection under the law. *Compl.*, Pg. 19–20. But not all the events alleged in the complaint occurred while Plaintiff was an inmate at the Cache County Jail. The complaint alleges arising out of his time at the Utah State Prison, Beaver County Jail, Cache County Jail, and the Uintah County Jail.

The first cause of action is directed at Defendants #1-#16, #25, and #28, this includes the Cache County Defendants (#3 Lt. Doyle Peck, #4 Sgt. Maughan, and #6 Deputy Yahne). *Compl.*, Pg. 19. In the first cause of action ("Freedom to Practice Religion"), Plaintiff alleges he was "denied religious meals and items. While Jewish and Muslim inmates receive Kosher and Halal melas. And Muslim inmates receive fast meals to observe Ramadan." *Compl.*, Pg. 19–20.

The second cause of action is directed at Defendant #18, this does not include the Cache County Defendants (#3 Lt. Doyle Peck, #4 Sgt. Maughan, and #6 Deputy Yahne). *Compl.*, Pg. 19. In the second cause of action ("Petition the Government for a Redress of Grievances"), Plaintiff alleges "Plaintiff does not receive a response to his grievances filed. By not allowing

Plaintiff to exhaust his administrative remedies, prison officials are manipulating the grievance procedure, in hopes to avoid conditions of confinement suits by Plaintiff." *Compl.*, Pg. 19–20.

The third cause of action is directed at "All Defendants listed in this complaint." *Compl.*, Pg. 20. In the third cause of action ("Due Process of Law and Equal Protection of the Laws"), Plaintiff alleges:

    a. "Plaintiff is not treated equally in regards to religious meals."

    b. "Plaintiff was denied due process in his disciplinary hearings."

    c. "Plaintiff was not allowed to present evidence and call witnesses."

    d. "Plaintiff does not receive response to his grievances."

    e. "Plaintiff's property is taken from him, when he is housed in County jails."

    f. "Plaintiff has already been denied legal assistance with his amended complaint."

*Compl.*, Pg. 20.

All of the allegations leveled against the Cache County Defendants relate to requests and grievances made at the Cache County Jail. These issues and the Cache County Defendants' responses are contained in Exhibit M to this report.

## SUMMARY OF DEFENSES

The Cache County Defendants deny the allegations against them, specifically that they violated any of Plaintiff's constitutional rights. Plaintiff cannot establish that the Cache County policies are improper or that Lt. Peck, Sgt. Maughan, or Dpty. Yahne failed to follow Cache County Jail policies. Nor has Plaintiff demonstrated that these policies exist for any other reason than officer and inmate safety. On the contrary, the Cache County Defendants repeatedly pointed

to Cache County Jail Policy in their efforts to explain to Plaintiff why his requests were being denied.

But this Court need not reach the substance of Plaintiff's constitutional claims because Plaintiff failed to exhaust his available administrative remedies. This failure means that Plaintiff did not comply with the requirements of the Prison Litigation Reform Act (PLRA) and his claims are barred. 42 U.S.C. § 1997e.

The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 [42 U.S.C § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is the jails' requirements, and not the PLRA, that define the boundaries of proper exhaustion. *See Smith-Bey v. Corr. Corp. of Am.*, 703 F. Supp. 2d 1 (D.D.C. 2010). Further, simply presenting defective or non-complying grievances does not constitute exhaustion of remedies. *Brewer v. Mullin*, 130 Fed. Appx. 264 (10th Cir. 2005).

The PLRA mandates that a prisoner suit must be dismissed if he fails to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a). The exhaustion requirement is a mandatory prerequisite to suit. *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997). Such is true even if a remedy for monetary relief is provided in the administrative process. Further, the United States Supreme Court in *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and *Booth v. Churner*, 532 U.S. 731, 741 (2001), held that exhausting administrative remedies is a "prerequisite to suit" for any federal cause of action arising out of prison conditions.

# DOCUMENTS AND DECLARATIONS

<u>Exhibit A</u>: Cache County Jail Policy, Chapter CG 34: Special Handling: Contract Inmates. Chapter CG 34 details inmate management policy, the necessities to which inmates are entitled, and various services and programs offered by the jail.

<u>Exhibit B</u>: Cache County Jail Policy, Chapter CG 50: Grievance: Overview. Chapter CG 50 explains the function and elements of the grievance system.

<u>Exhibit C</u>: Cache County Jail Policy, Chapter CG 51: Grievance: Processing. Chapter CG 51 explains the policy, rationale, and procedure for filing grievances and establishes three levels of review.

<u>Exhibit D</u>: Cache County Jail Policy, Chapter CJ 10: Mail: Standard Process. Chapter CJ 10 explains inmate mail regulations and the policy/procedure for incoming and outgoing mail.

<u>Exhibit E</u>: Cache County Jail Policy, Chapter CJ 13: Mail: Books and Publications. Chapter CJ 13 addresses access to books and periodicals for inmates.

<u>Exhibit F</u>: Cache County Jail Policy, Chapter CL 20: Inmate Property. Chapter CL 20 explains the jail policy for receiving property from the outside, property in cells, and disposing of property.

<u>Exhibit G</u>: Cache County Jail Policy, Chapter CL 42: Inmate Library: Chapter CL 42 addressed library access and outlines the procedure for leisure time activities.

<u>Exhibit H</u>: Cache County Jail Policy, Chapter CL 50: Religion: Overview. Chapter CL 50 explains that it is the policy of the Cache County Jail to protect and facilitate inmates' lawful free exercise of religion. This chapter also details efforts to resolve disagreements on the exercise of religion.

Exhibit I: Cache County Jail Policy, Chapter CL 51: Religion: Access to Services. Chapter CL 51 explains the policy, rationale, and procedures behind the regulation, location, access, and restrictions on religious services.

Exhibit J: Cache County Jail Policy, Chapter CL 53: Religion: Reading Material. Chapter CL 53 describes the procedure for regulation of religious reading material.

Exhibit K: Cache County Jail Policy, Chapter CL 54: Religion: Diets. Chapter CL 54 explains the Jail's religious diet regulations, including the procedure for requesting and providing religious meals.

Exhibit L: Cache County Jail Policy, Chapter CL 55: Religion: Jewelry and Articles. Chapter CL 55 explains the policy, rationale, and procedure for regulating religious items and requests for religious items.

Exhibit M: Lakhumna File. This file contains the entire grievance history of Vivek Lakhumna while incarcerated at Cache County Jail.

Exhibit N: Declaration of Lt. Doyle Peck

Exhibit O: Declaration of Sgt. Mark Maughan

Exhibit P: Declaration of Deputy Philip Yahne

RESPECTFULLY SUBMITTED this day of December 14, 2021.

**PLANT CHRISTENSEN & KANELL**

_____
MATTHEW D. CHURCH
*Attorneys for Doyle Peck, Mark Maughan, and Philip Yahne*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed and served via the manner indicated below on this December 14, 2021 to the following:

| | |
|---|---|
| Vivek Lakhumna, #156524<br>Utah State Prison<br>P.O. Box 250<br>Draper, UT 84020<br>*Pro se Plaintiff* | [X] First Class Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[ ] Overnight Delivery<br>[ ] CM/ECF E-Filing<br>[ ] Email |
| Heather J. Chesnut<br>Sean Reyes<br>160 East 300 South, Sixth Floor<br>P.O. Box 14085<br>Salt Lake City, UT 84114-0856<br>hchesnut@agutah.gov<br>*Attorneys for Defendants* | [ ] First Class Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[ ] Overnight Delivery<br>[X] CM/ECF E-Filing<br>[ ] Email |
| Frank D. Mylar<br>MYLAR LAW, P.C.<br>2494 Bengal Blvd.<br>Salt Lake City, UT 84121<br>office@mylarlaw.com<br>*Attorneys for Defendants Schiltz and Sgt. Messenger* | [ ] First Class Mail<br>[ ] Hand Delivery<br>[ ] Facsimile<br>[ ] Overnight Delivery<br>[X] CM/ECF E-Filing<br>[ ] Email |

*/s/ Caroline Smith.*