# EXHIBIT D

| VOLUME: NUMBER -- TOPIC | | | CHAPTER: NUMBER -- TOPIC | |
|---|---|---|---|---|
| CJ Inmate Communication | | | CJ 10   Mail: Standard Process | |
| PUBLISHED | PREVIOUS REVIEW | SUPERSEDES | SCHEDULED REVIEW | PAGES |
| 12-09-08 | 8-17 | NA | 11-18 | 13 |
| TO BE REVIEWED BY | | | APPROVED BY | |
| JAIL LIEUTENANT | | | Sheriff D. Chad Jensen | |

## TABLE OF CONTENTS

CJ 10/01.00   **GENERAL PROVISIONS**
CJ 10/01.01   Purpose of Chapter
CJ 10/01.02   Distribution
CJ 10/01.03   Definitions
CJ 10/01.04   Utah Jail Standards References

CJ 10/02.00   **INMATE MAIL REGULATIONS**
CJ 10/02.01   Policy
CJ 10/02.02   Rationale
CJ 10/02.03   Procedure: Postcards
CJ 10/02.04   Procedure: Amount of Correspondence
CJ 10/02.05   Procedure: Packages
CJ 10/02.06   Procedure: Providing Writing Paper and Postage
CJ 10/02.07   Procedure: Foreign Language Mail
CJ 10/02.08   Procedure: Change of Address
CJ 10/02.09   Procedure: Bulk-Rate Mail
CJ 10/02.10   Procedure: Documentation of Exceptions

CJ 10/03.00   **INCOMING MAIL**
CJ 10/03.01   Policy
CJ 10/03.02   Rationale
CJ 10/03.03   Procedure: Receiving Mail at the CCJ
CJ 10/03.04   Procedure: Inspection of Mail
CJ 10/03.05   Procedure: Reading Mail
CJ 10/03.06   Procedure: Prohibited Mail
CJ 10/03.07   Procedure: Withholding/Denying Mail
CJ 10/03.08   Procedure: Photocopying
CJ 10/03.09   Procedure: Delivery of Mail to Inmates

CJ 10/04.00   **OUTGOING MAIL**
CJ 10/04.01   Policy
CJ 10/04.02   Rationale
CJ 10/04.03   Procedure: Mail Collection

(continued on next page)

CJ 10/04.04   Procedure: Return Address
CJ 10/04.05   Procedure: Intra-Facility Mail
CJ 10/04.06   Procedure: Screening/Withholding Mail
CJ 10/04.07   Procedure: Business Mail

**CJ 10/01.00  GENERAL PROVISIONS**

**CJ 10/01.01  PURPOSE OF CHAPTER**

The purpose of this chapter is to provide the Cache County Jail's policies and procedures governing inmate mail.

**CJ 10/01.02  DISTRIBUTION**

Standard distribution.

**CJ 10/01.03  DEFINITIONS**

| | |
|---|---|
| **OIC** | officer-in-charge |
| **personal mail** | includes any mail not legally entitled to a designation of privileged; mail to family, friends, business associates, clergy, the news media |
| **privileged mail** | correspondence with an attorney or other entity identified by this chapter which has been properly labeled to claim privileged status |

**CJ 10/01.04  UTAH JAIL STANDARDS REFERENCES**

| | |
|---|---|
| E 01.01.01 | Written Policy and Procedure Required |
| E 01.01.02 | Content |
| E 01.02.01 | Function |
| E 01.02.02 | Delivery Schedule |
| E 01.02.03 | Volume of Letters |
| E 01.02.04 | Length or Size of Letters |
| E 01.02.05 | Providing Writing Supplies and Postage |
| E 01.02.06 | Outside Correspondents |
| E 01.02.07 | Content |
| E 01.02.08 | Sexually Explicit Publications or Material |
| E 01.02.09 | Inflammatory Publications or Material |
| E 01.02.11 | Rejecting Incoming Mail on Basis of Content |
| E 01.03.01 | Opening and Inspecting Mail |
| E 01.03.02 | Reading Mail |
| E 01.03.03 | Process for Rejecting Mail |
| E 01.04.01 | Publisher-Only Rule |
| E 01.04.02 | Packages |

**CJ 10/02.00  INMATE MAIL REGULATIONS**

**CJ 10/02.01  POLICY**

It is the policy of the Cache County Jail (CCJ) that:
A. inmates' personal mail shall be regulated; and
B. inmates shall be provided notice of personal mail regulations.

**CJ 10/02.02  RATIONALE**

A. Inmate mail must be regulated to prevent misuse of mail to undermine security, safety, order, or other legitimate penological interests.
B. Inmates must be provided notice concerning mail rules and regulations to:

      1. assist inmates to comply with requirements; and
      2. serve as a basis for disciplinary action when inmates violate mail regulations.

### CJ 10/02.03   PROCEDURE: POSTCARDS

A. Incoming and outgoing inmate mail must be on a postcard. Mail received other than postcards will be returned to sender. This restriction does not pertain to official written correspondence between inmates and an inmate's attorney, the courts or government agencies.

B. All inmate's postcards (and legal mail) will be addressed as follows:
Inmate's Name
Cache County Jail
1225 West Valley View Hwy Suite #100
Logan, UT
84321

C. Any inmate wishing for an exception to the postcard rule must provide the request in writing to the Jail Lieutenant with the claimed justification for the exception. If the Jail Lieutenant finds the justification for the exception to be compelling, he shall provide the mail room with the written authorization for the exception, including any special restrictions and/or instructions.

D. Authorized postcards may be purchased from the CCJ commissary.

### CJ 10/02.04   PROCEDURE: AMOUNT OF CORRESPONDENCE[1]

A. Inmates shall be permitted to send and receive a reasonable amount of personal mail.

B. Business mail, bulk mailings, and other non-personal mail which increases demands on the mail room staff are not permitted.

C. All requests for educational and religious materials to be received through the mail must be requested through the programs coordinator. These items must be delivered in care of the programs coordinator with the inmate's name listed on the packaging.

D. A reasonable amount of mail items will be imposed on the volume of mail and other materials which may be stored in housing units to reduce the fuel load in the event of a fire.
    1. Regardless of the amount of mail inmates are permitted to receive, accumulations of mail shall not be permitted to exceed the authorized in-cell storage limits.
    2. Inmates will be required to dispose of excessive mail either by mailing the excess out of the facility or disposing of it in a waste receptacle.

### CJ 10/02.05   PROCEDURE: PACKAGES

A. Inmates are not permitted to receive packages.

### CJ 10/02.06   PROCEDURE: PROVIDING WRITING PAPER AND POSTAGE[2]

A. Inmates may purchase paper, pre-stamped envelopes, and postage from

---

[1] Utah Jail Standard E01.02.03
[2] Utah Jail Standard E01.02.05

        the CCJ commissary for legal correspondence purposes and staff correspondence.
- B. Postcards may be purchased from the CCJ commissary.
- C. Inmates are not allowed to receive writing paper, envelopes or postcards through the mail.
- D. Envelopes sold through the CCJ commissary will be stamped in the left-hand corner:

        From Inmate _____
        Cache County Jail
        1225 West Valley View, Suite #100
        Logan, Utah 84321

- E. Indigent inmates will be provided two stamped envelopes OR one large manila envelope and five sheets of paper per week if they request on the commissary form to write to courts and/or counsel. Indigent inmates must submit a request on the inmate request form to receive these items.

**CJ 10/02.07 PROCEDURE: FOREIGN LANGUAGE MAIL**
- A. Non-privileged mail written in a language other than English may be delayed for a reasonable period of time for translation.
- B. Mail should ordinarily be delivered within 24 hours, excluding weekends and holidays, after it is received in the CCJ; however, reasonable delays of up to 48 hours will be allowed to permit translation without notice to the inmate.
- C. In situations requiring delays in excess of 48 hours beyond the normal delivery schedule:
  1. the Jail Lieutenant or designee should decide whether there is justification to approve the delay; and
  2. if the Jail Lieutenant or designee approves the delay, the inmate shall be notified in writing of the delay and the reason for the delay.

**CJ 10/02.08 PROCEDURE: CHANGE OF ADDRESS**
It shall be the responsibility of inmates to arrange for change of address notifications.

**CJ 10/02.09 PROCEDURE: BULK-RATE MAIL**
Bulk-rate mail shall be refused.

**CJ 10/02.10 PROCEDURE: DOCUMENTATION OF EXCEPTIONS**
Any deviations from the standard mail procedures shall be documented.

**CJ 10/03.00 INCOMING MAIL**
**CJ 10/03.01 POLICY**[3]
It is the policy of the CCJ that:
- A. All incoming mail, except legal mail and other specifically approved items must be in postcard form. For contract inmates (UDC, US Marshalls, ICE, etc.) coming from other facilities, a 30-day period may be provided during

---
[3] Utah Jail Standard E01.01.01

which mail in envelopes may be accepted to allow these inmates time to communicate the CCJ policy to family and friends.
    1. Acceptable postcard forms:
        a. postcard minimum size requirements are 3.5 inches by 5 inches;
        b. postcard maximum allowable size is 6 inches by 11.5 inches.
    2. Unacceptable postcard forms:
        a. defaced or altered postcards;
        b. plastic or wrappings on postcards;
        c. postcards marked with paint, crayons, or markers;
        d. postcards with labels or stickers;
        e. postcards with watermarks or stains;
        f. postcards with any biohazards, including perfumes or lipstick;
        g. postcards depicting nudity, weapons, or gang references;
        h. oversized or undersized postcards.

B. Incoming inmate personal mail:
    1. Must have:
        a. first and last name of addressee; and
        b. at least first initial and last name and full address of sender;
    2. must be from the addressor;
    3. must be to the addressee;
    4. photographs may be mailed to the inmate provided the envelope is clearly marked "photographs" and doesn't contain any type of written correspondence. The photographs must not exceed 5 inches by 7 inches in size. The inmate's name and name number must be written on the back of each photograph. No *Polaroid* photographs will be accepted.
    5. shall be inspected by the CCJ staff;
    6. may be read consistent with the provisions of this chapter;
    7. may be photocopied when such copying has a valid, rational connection to a legitimate safety or security interest;
    8. may be refused, denied, or confiscated where reasonable cause exists to believe the contents may adversely affect the safety, security, order, or treatment goals of the CCJ;
    9. may be used as evidence in criminal, civil, or administrative trials or hearings;
    10. shall be afforded no expectation of privacy; and
    11. shall be delivered to inmates without unnecessary or unreasonable delay, generally within 24 hours.

C. Catalogs shall not be accepted through the mail.

**CJ 10/03.02** **RATIONALE**
A. Because inmates' personal correspondence with persons in the free world provides a means of introducing contraband into the facility and conspiring to jeopardize security, safety, order, and other legitimate CCJ interests, such mail must be opened and inspected.
B. Reading mail helps prevent or discover inmates' use of, or attempts to use, the mail to engage in conduct which violates the law or jail regulations.

  C. Personal subscriptions to magazines are not accepted into the facility due to the finite CCJ staffing resources.
  D. Catalogs are not accepted because inmates are not permitted to make mail order purchases from the CCJ.

**CJ 10/03.03**   **PROCEDURE: RECEIVING MAIL AT THE CCJ**
  A. The CCJ shall receive, process, and deliver inmate mail generally within 24 hours, except holidays.
  B. Mail addressed to an inmate who is no longer incarcerated shall be returned to sender.
    1. If there is no return address listed, it will be forwarded to the address listed for the inmate in the CCJ computer system.
    2. If the mail is unable to be returned or forwarded, it will be destroyed.
  C. The CCJ will not accept postage-due mail unless payment of postage is waived by the deliverer.
  D. Soft covered books shall be accepted only from the publisher, book club, or retail outlet.
  E. Items received in the mail that cannot be searched without destruction or alteration (e.g., padded or electronic greeting cards, double-faced Polaroid photographs, etc.) shall be refused and returned to the sender.

**CJ 10/03.04**   **PROCEDURE: INSPECTION OF MAIL**
  A. All inmate mail shall be retrieved from the Cache County Jail mail box and processed by CCJ staff.
  B. Inmate mail should be processed in a manner that furthers the safety, security, order, and other operational necessities of the CCJ while using the finite resources available.
  C. All inmate mail that is denied as per policy shall be stamped denied and returned to sender as soon as it is discovered.
  D. Incoming inmate personal mail shall be inspected before it is delivered to individual inmates.
  E. Inmates are not permitted to be present during the inspection or reading of their personal mail.
  F. Denied mail shall be logged, including the reason for the denial.

**CJ 10/03.05**   **PROCEDURE: READING MAIL**
Inmates' personal mail:
  A. has no expectation of privacy;
  B. may be read by CCJ officials to further legitimate penological interests; and
  C. may be refused if delivery would threaten CCJ security, safety, order, discipline, or treatment goals.

**CJ 10/03.06**   **PROCEDURE: PROHIBITED MAIL**
  A. **Material Which Threatens Security or Safety**
    1. Material which would constitute a threat to the safety, security, or order of the CCJ shall be prohibited and delivery refused.
    2. Material rising to the level of a threat to safety, security, or order includes, but is not limited to, material which:

        a. incites, advocates, aids, abets, or provides instruction concerning activities such as:
- (1) illegal drug use;
- (2) the manufacture, use or conversion of weapons, ammunition, bombs, or incendiary devices;
- (3) escape;
- (4) threats of death or bodily harm;
- (5) criminal activity;
- (6) smuggling or other introduction, exporting, or manufacture of contraband;
- (7) plans for criminal activity or violating the policies, procedures, or regulations of the CCJ; and
- (8) guns and ammunition;

        b. instructs or provides planning assistance related to:
- (1) picking locks;
- (2) digging tunnels;
- (3) defeating security materials or systems; or
- (4) manufacturing of alcohol, drugs, weapons, or other contraband;

        c. provides information:
- (1) concerning the families, home address/phone numbers, or license numbers/vehicle information of CCJ staff or other government officials;
- (2) concerning transportation schedules; or
- (3) which, if communicated, would create a clear and present danger of violence and physical harm to any person; or

        d. is written in code.

B. **Inflammatory Material**
1. The CCJ has a legitimate interest in interdicting the materials which threaten the safety or security of the facility because it incites or advocates physical violence against others.
2. Mere criticism of the administration, operation, or personnel of the CCJ, Cache County, or of any other government official or agency shall not constitute a threat to the security and safety of the facility, unless that material advocates violence or other illegal action.

C. **Contraband in the Mail**
1. Prohibited materials may take many forms, including:
   a. **contraband**--any item which has not been specifically approved for use or possession by inmates in the CCJ, including, but not limited to:
   1. business reply mail;
   2. pages or cut out portions (clips) of books, puzzle books, coloring books, magazines, or newspapers';
   3. artwork specifically for tattooing;
   4. newspapers;
   5. advertisements;
   6. items that crayons or other waxy items have been used on;
   7. photo or Xerox copies of copyrighted materials, books, magazines, etc.;
   8. perfumed or scented items;

9. lipstick or lip gloss;
10. powder;
11. stain or paint;
12. thick or heavy paper (poster paper is the maximum thickness);
13. plastic laminated paper;
14. bodily fluids;
15. stickers or any variation of items with adhesive on one or two sides;
16. adhesives;
17. fabric;
18. rubber or any form of the substance (latex, etc.);
19. tape, made of any substance (transparent, duct, masking, plastic, fabric, etc.);
20. plastic and all chemical varieties (cellophane, styrene, transparent tape, etc.);
21. fiber composites and all chemical varieties;
22. metal of any size, shape, or metallurgical variety;
23. postcard size is restricted to no larger than 6" x 11.5";
24. five photographs maximum per envelope;
25. items that permanent or water soluble felt tip marker have been used on; and
26. items that glitter, glitter pens, or metallic pens have been used on.

b. **illegal contraband**--any substance or item for which use or possession violates the laws of the United States or State of Utah;

c. **currency**--any paper money, coins, checks, postage stamps, or other negotiable instruments; and

d. **nuisance contraband**--any of a myriad of seemingly innocuous items which can be misused to thwart security, endanger safety, or damage the facility or equipment, including, but not limited to, paper fasteners, paper clips, two-hole fasteners, hair, ribbons, pins, rubber bands, gum, pressed leaves or flowers, balloons, and other such items.

2. Contraband shall be processed according to the following procedures.

   a. As a general rule, when contraband is found in mail, the letter will be returned to the sender, discarded, or seized.
   
   b. If there is reason to believe that the contraband represents a deliberate attempt to defeat security, staff should seize the contraband and initiate disciplinary action.
   
   c. All currency, coin, and personal check instruments detected during the inspection of incoming correspondence shall be denied and the entire contents returned to the sender.
   
   d. **Nuisance contraband** items shall be confiscated and disposed of without notice or opportunity for appeal. If the nuisance contraband would appear to have substantial sentimental value, arrangements may be made to:
      
      (1) return the contraband to the sender; or
      (2) place the contraband in the inmate's property.

e. If **illegal contraband** is discovered in inmate mail, the matter should be referred for criminal investigation and prosecution.

D. **Criminal Conspiracies**

When mail is found to contain a criminal conspiracy, the CCJ staff member processing the mail shall **immediately** notify the shift sergeant or OIC to initiate a criminal investigation. The shift sergeant or OIC will then notify the Jail Lieutenant if appropriate.

**CJ 10/03.07 PROCEDURE: WITHHOLDING/DENYING MAIL**

A. **General**

The CCJ staff processing the mail shall initiate procedures to withhold/reject mail which violates policy and/or otherwise threatens the legitimate safety, security, or other legitimate interests.

B. **Process**

If it is necessary to refuse delivery of an item of mail, the CCJ staff member processing the mail shall:
1. notify the inmate of the denied mail on a "Notification of Denied Mail" form providing a reason for denying the mail; and
2. at the expense of the CCJ, return the denied mail to the sender including a:
    a. "Notification of Denied Mail" stamp detailing the reason for denying the mail; and
    b. notice of the sender's right to appeal the action to the Jail Lieutenant within seven days;
3. stamp all denied items with a denied stamp; and
4. if an item marked as denied is resubmitted, it will be denied or confiscated and reviewed for disciplinary action.

C. **Challenges of Denials by Inmates**

Inmates may challenge the decision using the Inmate Grievance System.[4]

D. **Challenges of Denial by Sender**

If the sender wants to appeal the denial or withholding of mail:
1. the challenge should be forwarded to the Jail Lieutenant or designee within seven working days of the sender receiving the "Notification of Denied Mail";
2. the Jail Lieutenant or designee shall provide the sender:
    a. an explanation of the reasons the mail was withheld; and
    b. allow the sender to present arguments in favor of delivery of the mail;
3. after weighing the sender's arguments, the Jail Lieutenant or designee shall:
    a. decide whether to uphold or deny the decision;
    b. if upheld, notify the sender, the CCJ staff members who processed the mail, and inmate of the decision;
    c. if denied, notify the inmate and sender of the decision and instruct the CCJ staff members who processed the mail to deliver the mail in question; and
    d. document the decision in writing and send copies of the memorandum announcing the action to:

---

[4]Inmate grievance procedures are found in CG 50 through CG 53

    (1) the CCJ staff members who handled the mail;
    (2) the inmate's file; and
    (3) the supervisor on the graveyard shift.

**CJ 10/03.08**   **PROCEDURE: PHOTOCOPYING**
- A. Personal mail may be photocopied by the CCJ staff if there is a valid, rational connection to the copying and/or a legitimate penological interest.
- B. Mail may be copied for other government agencies with authorization to further legitimate government interests. Authorization may be given by the:
  1. Jail Lieutenant or designee;
  2. Cache County Sheriff; or
  3. Cache County Attorney.

**CJ 10/03.09**   **PROCEDURE: DELIVERY OF MAIL TO INMATES**[5]
- A. After mail has been inspected, it will be sorted and delivered to the inmate.
- B. Mail will be delivered to the inmate or inmate's housing location (if housed alone).
- C. Inmate mail which cannot be delivered because an inmate is temporarily away from the facility shall be held to be delivered when the inmate returns.
- D. Incoming mail should be delivered to prisoners within 24 hours of the mail being received in the jail, excluding weekends and holidays. Outgoing mail should be posted the day it is received from the prisoner, except mail which is:
  1. received for posting after the close of business day, which shall be posted the following working day;
  2. received for posting on weekends or holidays, which shall be posted the following working day; or
  3. held for violation of law or jail regulation.

**CJ 10/04.00**   **OUTGOING MAIL**

**CJ 10/04.01**   **POLICY**[6]

It is the policy of the CCJ that:
- A. outgoing inmate personal mail:
  1. may be inspected and read;
  2. may be held or returned to the inmate if the contents threaten safety, security, order, rehabilitation, or other legitimate penological interests;
  3. may be used as evidence in criminal, civil, or administrative trials or hearings; and
  4. is entitled to no expectation of privacy;
- B. inmates are not entitled to engage in business enterprises while incarcerated in the CCJ; thus there is no entitlement to send and receive business mail; and
- C. inmates' outgoing mail shall be mailed on a postcard or in an envelope for privileged mail printed with the:

---

[5] Utah Jail Standard E01.02.02
[6] Utah Jail Standard E01.01.01

      1. inmate's first and last name;
      2. inmate's name number;
      3. CCJ's name;
      4. return address; and
      5. full address of receiver.

**CJ 10/04.02** **RATIONALE**
  A. The constitutions and laws of the United States and State of Utah do not guarantee an expectation of privacy; therefore, inmates' mail can be used as evidence in criminal, civil, or administrative trials or hearings.[7]
  B. Allowing inmates permission to engage in business from jail would:
  1. increase the potential for inmate-operated scams to cheat the public; and
  2. greatly increase the volume of mail, thus unnecessarily burdening the finite resources for processing the mail.
  C. Requiring inmates to send postcards bearing the name and return address of the facility places addressees on notice that they are receiving the mail from an inmate, thus decreasing the potential for inmate-run scams.
  D. Because inmates' personal correspondence with persons in the free world provides a means of passing on information that could jeopardize security, safety, order, and other legitimate CCJ interests, such mail must be opened and inspected.

**CJ 10/04.03** **PROCEDURE: MAIL COLLECTION**
  A. All outgoing inmate mail shall be placed in the mail boxes located in the pods.
  B. Inmate mail will be picked up from the pod mail boxes by the CCJ floor deputies during the graveyard shift.
  C. Inmates shall <u>not</u> seal outgoing mail.
  D. Inmate mail shall be collected from the mail depositories every day.
  E. Requests for additional postage or special handling should be submitted on an inmate request form and will be handled by the CCJ staff member that is designated by the Jail Lieutenant.

**CJ 10/04.04** **PROCEDURE: RETURN ADDRESS**
  A. All outgoing inmate postcards must be printed or stamped with the jail identifier.
  B. If the inmate's identity cannot be established, the postcard or envelope and contents shall be destroyed, unless it is in the interest of the facility to keep it as evidence or for other legitimate purposes.

**CJ 10/04.05** **PROCEDURE: INTRA-FACILITY MAIL**
  A. Inmate-to-staff mail shall be posted in regular mail and shall contain the name of the staff member to whom it is intended. The inmate's return address shall be the same as required on correspondence being sent outside the jail.

---

[7]**Stroud v. U.S.**, 251 U.S. 15 (1919).

 B. Inmate-to-staff mail will be processed like all other correspondences from inmates before it is delivered to the staff member. An exception to this rule includes communication addressed to the sheriff and/or jail lieutenant. All communication addressed to the sheriff and/or jail lieutenant shall be classified as privileged and shall be processed as such.

 C. Inmate-to-staff mail that displays threatening, negative gestures or comments, offensive materials, or offensive sexual comments within its contents shall be referred to the shift sergeant to determine whether it should be investigated as an administrative rule violation and/or criminal violation.

## CJ 10/04.06   PROCEDURE: SCREENING/WITHHOLDING MAIL

 A. Outgoing inmate mail shall be screened for purposes related to the legitimate interests of the CCJ and processed in a manner that furthers safety, security, order, and other operational necessities.

 B. Justification for withholding mail includes, but is not limited to:
1. violations of federal or state law;
2. violations of CCJ policies;
3. escape plans;
4. criminal conspiracies;
5. information which might endanger the lives or safety of staff, inmates, or others;
6. plans to disrupt or encourage disruption of order, safety, and security of the facility;
7. obscene material;
8. encoded messages;
9. any correspondence which jeopardizes the safety of staff, inmates, the public, or the facility;
10. unauthorized inmate-to-inmate communication; and/or
11. contraband.

## CJ 10/04.07   PROCEDURE: BUSINESS MAIL

 A. Inmates are not entitled to engage in business while incarcerated. Inmates who have a need to correspond concerning a legitimately held business shall correspond through their legal counsel, family members, or other persons in the free-world.

 B. Inmates shall not engage in credit transactions while confined.

 C. Inmates shall not engage in fund-raising while incarcerated.