# EXHIBIT O

MATTHEW D. CHURCH #15574
**PLANT CHRISTENSEN & KANELL**
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
(801) 363-7611
mchurch@pckutah.com
*Attorney for Defendants Doyle Peck, Mark Maughan, and Philip Yahne*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VIKEK LAKHUMNA,<br><br>Plaintiff,<br><br>v.<br><br>SGT. MESSENGER, et. al.,<br><br>Defendants. | **SGT. MARK MAUGHAN'S DECLARATION IN SUPPORT OF *MARTINEZ* REPORT**<br><br>Civil Action No. 4:18-Cv-81 DN<br><br>Magistrate Judge David Nuffer |

I, MARK MAUGHAN, having been duly sworn, under oath, state that the following statements are true and based upon my personal knowledge.

1. I am currently retired. Prior to retirement, I worked in various capacities at the Cache County Jail (the "Jail") including: line deputy, sergeant, and administrative sergeant.

2. I am familiar with Jail incident reports, grievances, and record keeping.

3. I am familiar with Plaintiff Vivek Lakhumna and have read his Fifth Amended Complaint alleging various constitutional violations during his incarceration at the Cache County Jail.

4. The Jail has a comprehensive grievance system where an inmate can raise a grievance about nearly any aspect of their incarceration. Each grievance is reviewed and responded

to by the appropriate department. We work very hard to respond in a timely manner with the best information we can provide.

5. The grievance policy was and is available to all inmates and addresses all types of potential harm. The policy is provided in the Inmate Handbook, which is given to each inmate at booking and/or is also available in each inmate cell block area.

6. In response to Mr. Lakhumna's Fifth Amended Complaint and the allegations against me, I reviewed his jail records for the time he was incarcerated at the Jail. These records were safely kept and stored by the Jail in the ordinary course of business.

7. Mr. Lakhumna was incarcerated at the Cache County Jail from June 7, 2018 through July 19, 2018.

8. During the short time Mr. Lakhumna was incarcerated at the Cache County Jail he filed multiple grievances. Plaintiff was very familiar with the grievance system and touted his knowledge of how to maneuver it.

9. On June 8, 2018, Plaintiff filed a request to have his religious prayer beads in his personal possession. He also made requests to build a prayer alter and to eat only religious meals.

10. Mr. Lakhumna filed an additional request to have or construct a prayer altar in his cell.

11. Several of Mr. Lakhumna's requests did not rise to the level of a formal "grievance." Some of his requests were followed up with a checked box in the "grievance" section, triggering a higher level of scrutiny and review.

12. On June 19th, 2018, Mr. Lakhumna filed a separate and additional request seeking meals in conformity what he referred to as "Ayurveda."

13. When those requests were filed, I was employed by Cache County Jail as a sergeant.

14. My role included the following responsibilities: religious rights, property room supervision, scheduling, records, supervisor, and the Field Training Program.

15. In response to Mr. Lakhumna's request for his prayer beads, I informed him that although he had a right to his religious beliefs, the Jail also had a duty to preserve the safety of employees and other inmates. I told him that, pursuant to that duty and the Cache County Jail policy, inmates were not permitted to have physical prayer beads in their possession.

16. This prohibition applied to all religious faiths.

17. To compromise and allow Mr. Lakhumna to receive the benefit of his prayer beads, I provided him with a photograph of his prayer beads to satisfy his religious requirement of recitation and breathing exercises.

18. A photo alternative is an approved method that has been used frequently for various religions within our facility.

19. In response to Mr. Lakhumna's request to build a prayer altar in his cell, I informed him that safety and security concerns, as well as the Jail policy, did not allow for inmates to possess or construct a prayer altar in their cells.

20. It is the policy of the Cache County Jail that the property which inmates may have and store in their cells shall be limited and strictly regulated.

21. In response to Mr. Lakhumna's request for a diet consistent with his religious beliefs, I asked him what type of diet he would need to satisfy his religious needs.

22. In accordance with Plaintiff's response requesting a Hindu religious diet, I promptly contacted the kitchen to start him on Hindu vegetarian meals.

23. Plaintiff eventually confirmed that he was receiving vegetarian meals (on June 27th, 2018), but alleged the vegetarian meals would not suffice; instead, he requested a diet that follows "Ayurveda." He referred me to the "Ganesh" temple for more information and once again threatened to file a lawsuit if he did not receive a diet in accordance with his wishes.
24. On that same date, Mr. Lakhumna also requested what he referred to as "feast/fast boxes."
25. I did not know what he meant by "feast/fast boxes" so I requested more information.
26. It is the policy of the Cache County Jail to consider inmates' requests to be served religious diets.
27. I responded to Mr. Lakhumna's dietary requests and informed him that Ayurveda is not a religious requirement of Hinduism, and that his best option was from the vegetarian tray.
28. This was the least restrictive means of granting Mr. Lakhuman access to meals conforming to his religious dietary needs without imposing a substantial burden on the Jail, such as preparing Mr. Lakhuma's meals in a separate kitchen.
29. However, Mr. Lakhumna continued to file additional grievances accusing me of denying him religious access.
30. In response to these additional grievances, I explained that the only requests that were denied were his requests for physical prayer beads and the materials to build a prayer altar.

31. The only property which is allowed into the Cache County Jail—either via mail or during booking—is a) legal materials; and/or b) approved jail property, i.e. books, writing materials, enveloped, towels, hygiene products, etc.

32. Pursuant to Cache County Jail policy and safety and security concerns, no inmates are permitted to keep any potentially dangerous religious items in their cell regardless of his religion; for example, Catholic rosaries are also prohibited.

33. On June 18, 2018, Plaintiff also filed a request for his legal paperwork. I coordinated with the property department in an attempt to remedy the situation. His property requests were taken care of by the property unit.

34. Pursuant to Jail policy, when an inmate requests "legal documents," a review is performed to make sure that all material which is provided to the inmate is, in fact, legal by nature. Once this review is performed, all legal materials are provided to the inmate.

35. Plaintiff eventually received his legal paperwork.

36. In several of his requests and grievances, Mr. Lakhumna repeatedly referred to what he was or was not able to do at "Draper" (the State penitentiary, presumably).

37. In many of these requests and grievances, Mr. Lakhumna requested that he be transferred back to the Utah State Penitentiary.

38. I informed Mr. Lakhumna that his transfer requests must be made through the Inmate Placement Program ("IPP").

39. Mr. Lakhumna did not respond, as far as I can gather, with additional information on the request dated 6/12/18 @ 1350 from me. He also did not provide more information about feast/fast boxes as I requested on the request dated 6/25/18 @ 1247.

5

40. This was a consistent theme throughout Plaintiff's incarceration at the Jail; Mr. Lakhumna repeatedly made threats to file a lawsuit directed at Lt. Peck before I had received any additional information from him.

41. All of my responses to Mr. Lakhumna's multiple requests and grievances were dictated by and in accordance with the Cache County Jail policy.

### DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the above sworn statements are true and based upon my personal knowledge and experience.

/s/ Mark Maughan*

_____

Cache County Jail

*An original copy of this signed declaration is available for inspection upon request.